# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. CURIEL, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:10-cv-01547 LJO GSA PC<br><br>FINDING AND RECOMMENDATION THAT THIS ACTION BE DISMISSED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

**Plaintiff's Claims**

This action proceeds on the October 8, 2010, first amended complaint. The events at issue in this action occurred at the California Correctional Institution at Tehachapi (CCI), where Plaintiff is housed. Plaintiff claims that he was improperly convicted of a disciplinary charge. Plaintiff alleges that he was found guilty at a prison disciplinary hearing of batter/assault on a non-inmate with a weapon. Plaintiff alleges that prison officials failed to "appoint a staff assistant to be present with the investigating employee during all questions asked of friendly and adverse witnesses, violated his due process rights as protected by Title 15, California Code of Regulations, sections 3315(d), 3315(f)(1) and 3318 (b) and the state and federal constitutions." (Am. Compl. 2:24-28.) Plaintiff further alleges that "witnesses and documentary evidence were present, neither witnesses and material evidence allowed in at the hearing." (Am. Compl. 3:5-7.)

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing.  Here, Plaintiff's core allegation is that his conviction was obtained in violation of the federal constitution. Specifically, Plaintiff alleges that

1  his disciplinary hearing did not meet the minimum requirements set forth in Wolff v. McDonnell,
2  418 U.S. 539 (1974). Because Plaintiff's claim necessarily implies the invalidity of his continued
3  confinement as a result of his disciplinary hearing, his claim will not accrue until the conviction or
4  sentence has been invalidated. Plaintiff has not alleged any facts indicating that his conviction has
5  been reversed, expunged or otherwise invalidated.

**Conclusion and Recommendation**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 22, 2011**         **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE